UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MICHAEL DAVID JONES, JR.,

    Petitioner,

v.

    Case No. 21-cv-1352-pp

EARNELL LUCAS,

    Respondent.

---

**ORDER GRANTING PETITIONER'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), DISMISSING *HABEAS* PETITION (DKT. NO. 1), DISMISSING CASE WITHOUT PREJUDICE AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

---

On November 22, 2021, the petitioner filed a petition for writ of *habeas corpus* under 28 U.S.C. §2241. Dkt. No. 1. With his petition, the petitioner filed a trust account statement. Dkt. No. 2. The court will construe the petitioner's trust account statement as a motion for leave to proceed without prepaying the filing fee, grant the motion, dismiss the *habeas* petition and dismiss the case.

**I.    Motion to Proceed Without Prepaying the Filing Fee (Dkt. No. 2)**

There is a $5.00 filing fee for filing a *habeas* petition. 28 U.S.C. §1914(a). The petitioner has not paid that fee and has not filed a motion asking the court to allow him to proceed without prepaying it. He has, however, filed an inmate trust account statement. Dkt. No. 2. The petitioner's trust account statement shows that as of November 11, 2021, he had a balance of $12.61. Id. at 8. The

1

court will construe the petitioner's trust account statement as a motion to proceed without prepaying the filing fee and will grant motion.

## II. Background

### A. Underlying State Case

The petition indicates that the petitioner is challenging his pretrial detention in Milwaukee County Case No. 2020CF001662. Dkt. No. 1 at 5. The court has reviewed the publicly available docket for that case. See State v. Michael David Jones Jr., Milwaukee County Case No. 2020CF001662 (available at https://wcca.wicourts.gov). The docket shows that on July 24, 2020, the State filed a criminal complaint against the petitioner. Id. As of April 25, 2022, charges of first-degree intentional homicide, possession of a firearm by a convicted felon, fleeing or eluding an officer and first-degree recklessly endangering safety remain pending. Id. The docket reveals that on March 29, 2022, the court found the petitioner not competent, suspended proceedings and ordered the petitioner committed to the Department of Health Services for up to twelve months for restoration treatment. Id. As of April 25, 2022, the petitioner remained in custody in the Milwaukee County Jail. http://www.inmatesearch.mkesheriff.org/Default.aspx.

### B. Federal *Habeas* Petition (Dkt. No. 1)

The petition asserts three grounds for relief: (1) "failure to schedule speedy trial," (2) "prejudicial delay" and (3) "failure of speedy trial to commence." Id. at 13-14. As to his first ground, the petitioner stated that he requested a speedy trial in writing, and between "March 10, 2021 and June 10,

2

Case 2:21-cv-01352-PP   Filed 04/25/22   Page 2 of 8   Document 5

2021 a speedy trial was not scheduled." Id. at 13. He alleged that "[a]s of June 11, 2021 ninety days passed and the court judge michelle ackerman havas failed to set or schedule a speedy trial date." Id. Regarding prejudicial delay, the petitioner asserted that he had "been incarcerated over seventeen months." Id. He explained that his incarceration made trial preparation difficult. Id. at 13-14. In support of his third ground, the petitioner argued again that ninety days had passed without his trial starting. Id. at 14.

As relief, the petitioner "want[s] the court to release [him]," wants "the court to dismiss [his] charges" and "want[s] the court to perform all analysis and test that regard to speedy trial." Id. at 15.

### III. Analysis

#### A. Standard

Under Rule 1(b) of the Rules Governing Section 2254 Cases and Civil Local Rule 9(a)(2) (E.D. Wis.), the court applies the Rules Governing Section 2254 Cases to petitions for a writ of *habeas corpus* under 28 U.S.C. §2241. Chagala v. Beth, No. 15-CV-531, 2015 WL 2345613, at *1 (E.D. Wis. May 15, 2015). Those rules require the court to review, or "screen" the petition. Rule 4 of the Rules Governing Section 2254 Cases states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

"The appropriate vehicle for a state pre-trial detainee to challenge his detention is § 2241." Jackson v. Clements, 796 F.3d 841, 843 (7th Cir. 2015).

3

While §2241 allows a pretrial detainee to petition for *habeas* relief, the Younger abstention doctrine limits the ability of a federal court to interfere with pending state criminal prosecutions absent special circumstances. See, *e.g.*, Olsson v. O'Malley, 352 F. App'x 92, 94 (7th Cir. 2009) (citing Younger v. Harris, 401 U.S. 37, 43-45 (1971)).

Exceptional circumstances exist where irreparable damage would occur, such as claims of prosecutorial harassment and prosecutions brought in bad faith. Younger, 401 U.S. at 49. Relief is "generally limited to speedy trial and double jeopardy claims, and only after the petitioner has exhausted state-court remedies." Olsson v. Curran, 328 F. App'x 334, 335 (7th Cir. 2009). Exceptional circumstances do not exist when the threatened injury "is solely 'that incidental to every criminal proceeding brought lawfully and in good faith.'" Id. (citing Douglas v. City of Jeannette, 319 U.S. 157, 164 (1943)).

B. Analysis

The court must dismiss this case. The state-court criminal proceedings are ongoing. The petitioner still has what the U.S. Supreme Court has characterized as "an acute, live controversy with the State and its prosecutor." Younger, 401 U.S. at 41.

> "Ex parte Young, 209 U.S. 123 . . . , and following cases have established the doctrine that, when absolutely necessary for protection of constitutional rights, courts of the United States have power to enjoin state officers from instituting criminal actions. But this may not be done, except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate. Ordinarily, there should be no interference with such officers; primarily, they are charged with the duty of prosecuting offenders against the laws of the state, and must decide when and how this is

4

to be done. The accused should first set up and rely upon his defense in the state courts . . . ."

Id. at 45 (quoting Fenner v. Boykin, 271 U.S. 240, 243-44 (1926)).

This federal court cannot interfere with the ongoing state criminal proceedings. The state-court case was scheduled for trial on February 23, 2022; at that time, the court granted a mistrial because there was a question as to the petitioner's competence. Jones, Milwaukee County Case No. 2020CF001662. On March 29, 2022, the state court suspended proceedings and committed the petitioner to the Department of Health Services for restoration treatment. Id. The state-court criminal case, therefore, has not concluded—it is still ongoing, albeit suspended. The principles of comity forbid this court from intervening in the on-going criminal proceedings before another sovereign.

Nor has the petitioner exhausted his claims. "A common-law exhaustion rule applies to § 2241 actions . . . and although the common law allows of exceptions the hurdle is high." Richmond v. Scibana, 387 F.3d 602, 604 (7th Cir. 2004). "[F]ederal courts . . . may require, as a matter of comity, that [criminal defendants incarcerated by the state awaiting trial] exhaust all avenues of state relief before seeking the writ." United States v. Castor, 937 F.2d 293, 296-97 (7th Cir. 1991) (citing Baldwin v. Lewis, 442 F.2d 29, 31-33 (7th Cir. 1971)). A court may excuse a party's failure to exhaust when

> (1) requiring exhaustion of administrative remedies cause prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the

5

>     agency is biased or has predetermined the issue; or (4) where substantial constitutional issues are raised.

Gonzalez v. O'Connell, 355 F.3d 1010, 1016 (7th Cir. 2004) (quoting Iddir v. INS, 301 F.3d 492, 498 (7th Cir. 2002)).

The petitioner appears to have made an effort to exhaust his remedies, at least to some extent. He has filed several speedy trial demands—one in March 2021, another in June 2021, yet another in November 2021. He also filed several motions to dismiss; while the court cannot tell from the docket, the basis for those motions may have been the court's failure to schedule a trial date. Jones, Milwaukee County Case No. 2020CF001662. But the petitioner has not yet given the other courts in the state court system—the Wisconsin Court of Appeals and the Wisconsin Supreme Court—the opportunity to address his claim that his rights were violated by the trial court's failure to schedule the trial when he believes it should have done. The United States Supreme Court has held that an appellate court cannot resolve the appeal of the denial of a motion to dismiss on speedy trial grounds before the case has been resolved, finding that "the resolution of a speedy trial claim necessitates a careful assessment of the particular facts of the case" which can be considered "only after the relevant facts have been developed at trial." United States v. McDonald, 435 U.S. 850, 857-58 (1978). The facts of the petitioner's case have not yet been fully developed, so no court—not the Wisconsin appellate courts or this court—are in a position to consider the petitioner's claims.

Finally, this court does not have the authority to order the state to dismiss charges. Even if this court had the authority to interfere in ongoing

6

Case 2:21-cv-01352-PP   Filed 04/25/22   Page 6 of 8   Document 5

state criminal proceedings, and even if the petitioner had exhausted his remedies, the only relief this court could grant would be to grant the petitioner's request for release; the court could not order that the charges or the case be dismissed.

For these reasons, the court will dismiss the petition.

## IV. Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted). The court declines to issue a certificate of appealability because reasonable jurists could not debate that the petitioner is not entitled to *habeas* relief under 28 U.S.C. §2241.

## V. Conclusion

The court **CONSTRUES** the petitioner's inmate trust account statement as a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. The court **GRANTS** the motion.

The court **DISMISSES** the petitioner's 28 U.S.C. §2241 petition for writ of *habeas corpus*. Dkt. No. 1.

7

The court **DECLINES TO ISSUE** a certificate of appealability.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 25th day of April, 2022.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**